JOHN J. KELLY AND ANOTHER, RESPONDENTS, *v.* ANDREW J. KERSHAW AND WIFE, APPELLANTS.

DISMISSAL OF APPEAL.—Under section 828, Code of Civil Procedure, an appeal from the judgment will not be dismissed, because an appeal from the order denying a new trial in the same case, is before the court.

MOTION to dismiss an appeal from a judgment. The opinion states the facts.

*Messrs. Dickson & Varian,* for the motion.

*Messrs. Williams & White,* contra.

BOREMAN, J.:

This is a motion to dismiss an appeal from a judgment and to affirm the judgment.

The ground of the motion is that on an appeal from an order denying a motion for a new trial, the entire record in the action was brought to this court, and the subject matter of the present appeal was fully before this court and subject to its consideration and determination, and that the present appeal is frivolous and for delay merely.

When this motion was filed in this court, there had been no decision in this court upon the appeal from the order denying the motion for a new trial.

Our statute expressly authorizes appeals to be taken from both the judgment and the order denying the motion for a new trial.

Laws of 1884, p. 303, sec. 828.

If we should hold the appeal from the judgment to be invalid, we negative the statute or ignore it. Its validity is not in question, and we are not authorized to negative it or ignore it. If the argument that because the whole record was before the court for consideration in the appeal from the order denying the motion for a new trial, this appeal from the judgment should be dismissed, be held

good when the appeals were taken at different times, it would be just as valid when the appeals are taken at the same time. It is equivalent to saying that if a party take an appeal from an order overruling or granting a motion for a new trial he is precluded from taking an appeal from the judgment in the case, when the statute asserts the reverse. The statute is not ambiguous, nor of doubtful meaning, but, on the contrary, it is express and clear. The court is not prepared to hold that the appeal from the judgment was unauthorized. In this territory an appeal from a judgment is of more importance to an appellant sometimes than an appeal from an order denying a motion for a new trial. Where the appeal is from the judgment, the appellant, if the amount be of sufficient size, can take the case to the supreme court of the United States. But where an appeal is from an order, this cannot be done. The fact that the amount in this case might not be sufficient to authorize an appeal to the supreme court of the United States, does not change the principle.

The argument against our entertaining an appeal from the judgment when there had been an appeal from the order denying the motion for a new trial, might be of weight in regard to the propriety of this court hearing a second argument of the same points on different appeals in the same case, but it certainly could not go further.

The motion to dismiss the appeal and affirm the judgment, is overruled.

ZANE, C. J., and HENDERSON, J., concurred.